

33 Whitehall St., 17th Floor
New York, NY 10004
T: 212-363-7500
F: 212-363-7171
www.zlk.com

Nicholas I. Porritt
nporritt@zlk.com

June 18, 2024

**VIA ECF**
Clerk of the Court,
United States Court of Appeals for the Ninth Circuit,
The James R. Browning Courthouse,
95 7th Street,
San Francisco, CA 94103.

    Re:  **23-16010,** *Littleton v. Musk* (*In re: Tesla, Inc. Securities Litigaiton*)
           **FRAP Rule 28(j) & Circuit Rule 28-6 Supplemental Authority**

Dear Clerk of the Court:

    Plaintiff-Appellant Glen Littleton respectfully requests that the Court take notice of the following decision issued after the filing of his briefs.

    On June 4, 2024, the Court in *Sidibe v. Sutter Health* overturned a previous jury verdict in favor of Defendant and remanded the case for a new trial. 2024 U.S. App. LEXIS 13433. The Ninth Circuit's decision was based on two main points: (1) that the jury was given improper instructions; and (2) that the trial court excluded critical evidence of Defendant's anticompetitive strategies.

    Of particular interest are the jury instructions. *Sidibe* demonstrates that erroneous instructions alone are sufficiently prejudicial to warrant a new trial unless the error is demonstrated to be harmless. (at * 26 - * 28). In *Sidibe*, the trial court agreed with Defendant, over Plaintiffs' objections, and did not include in the jury instructions the need to consider Defendant's anticompetitive purpose in their evaluation of Plaintiffs' unreasonable course of conduct claim. (at * 11-12). On appeal, Plaintiffs argued that this contravened California law and the Court agreed, noting that it owes no deference to the trial court's decision on statements of law. (at * 26).



June 18, 2024<br>
Clerk of the Court<br>
U.S. Court of Appeals for the Ninth Circuit

In this case, the trial court similarly erred in its jury instructions on the element of scienter. It is well-established that the element of scienter for a claim under Rule 10b-5 may be met by showing either that defendants acted knowingly or "were reckless as to the truth or falsity of their statements." *Gebhardt v. SEC*, 595 F.3d 1034, 1041 (9th Cir. 2010). By instructing the jury that, despite assuming that Mr. Musk acted with "reckless disregard" for whether his August 7, 2018 tweets were true, it still needed to "decide whether he knew that the statements were untrue" or "acted knowingly", the trial court misstated the legal standard for scienter, a crucial element of Plaintiff's claim. As shown in Plaintiff's briefs, Defendants cannot satisfy its burden to demonstrate that this error was harmless. Like in *Sidibe*, given the prejudicial nature of the trial court's instructional error, here reversal is also warranted, and a new trial should be granted.

Respectfully submitted,

Nicholas I. Porritt

The body of this letter contains 349 words.

Encl:

cc: All Counsel of Record (via CM/ECF)